LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 SEP 30 PM 2: 02

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO. CM103-13** |
| vs. | **DECISION AND ORDER** |
| | **(Defendant's Motion for Civil Compromise)** |
| **IGNACIA FRANCINE MANIBUSAN,** | |
| **Defendant.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 28, 2013, on Ignacia Francine Manibusan's ("Defendant") Motion for Civil Compromise. Defendant was represented by Assistant Public Defender Jocelyn M. Roden. Assistant Attorney General Gabrielle Rossi appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

On January 15, 2013, Defendant was charged with Assault (As a Misdemeanor). Complaint (Jan. 15, 2013). Defendant was arraigned on February 27, 2013, pled not guilty, and waived her right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 114527 (Feb. 27, 2013).

People v. Manibusan: (CM103-13)                                                      Page 1 of 5
Decision and Order – Defendant's Motion for Civil Compromise



On June 27, 2013, Taylor Lee Bordallo ("Victim") filed a Declaration in Support of Civil Compromise. The Declaration stated *inter alia,* that the Victim and Defendant "have worked out [their] differences and [Victim is] satisfied with what [they] have worked out in this case." Decl. in Support of Civ. Compromise (Jun. 27, 2013). Furthermore, the Victim stated that she would like for the Attorney General's Office to dismiss the instant case and that she waives compensation. Id.

On July 1, 2013, Defendant filed a Motion for Civil Compromise. The People filed their opposition on August 22, 2013. The Court heard the matter on August 28, 2013.

## DISCUSSION

Defendant moves the Court to dismiss the instant Complaint pursuant to 8 GCA § 80.90. See Def.'s Mot. for Civil Compromise (Jul. 1, 2013). Defendant's motion to dismiss is based on the affidavit of Taylor Lee Bordallo, which indicates that she and [D]efendant, Ignacia F. Manibusan, have worked things out and Ms. Bordallo does not want to pursue this case and has waived restitution." Id. Further, Defendant argues that the Court has the discretion to dismiss an action that is a misdemeanor where a declaration has been filed by the victim stating satisfaction. Id.

The People oppose Defendant's Motion, arguing that "the focus of Guam's civil compromise statute is satisfaction received for the victim's injury." People's Opp'n Mot. at 3 (Aug. 22, 2013). The People submit that the Victim's Declaration is insufficient to meet the 'satisfaction of injury' requirement because it is not made under circumstances such that the injury to the public is fully vindicated." Id. Likewise, the People argue that satisfaction of the victim's injury is best addressed through the rehabilitation of the Defendant through the

criminal justice system. Id. at 4. Lastly, "the People oppose dismissal due to civil compromise in the absence of a court order directing the Defendant to Client Services for assessment." Id.

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1)

whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendant was charged with Assault (as a Misdemeanor). As indicated in *Moulton*, by its very nature, Assault is a crime in which the person injured would almost always have a civil action for damages. *Id.* at 21. Since a civil remedy was readily available at the inception of this criminal case, notwithstanding the fact that the Victim waived any and all restitution as stipulated in her affidavit, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, the altercation was between the Defendant and the Victim.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the Victim's affidavit indicating that she would like for the Attorney General's Office to dismiss the case against the Defendant and that she waives any and all restitution was submitted under penalty of perjury.

The Court finds that Defendant's motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the Victim was

not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the victim has submitted a declaration under penalty of perjury that she has received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. Therefore, the Court **GRANTS** Defendant's motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for Civil Compromise.

Further proceedings is set for _____ 10/9/13 at 10 a.m.

**SO ORDERED** this 30 day of SEPTEMBER, 2013.

HONORABLE ANITA A. SUKOLA<br>
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

SEP 3 0 2013

Clerk, Superior Court of Guam